HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| PRIMERICA LIFE INSUJRANCE COMPANY, a Massachusetts corporation,<br><br>Plaintiff,<br><br>v.<br><br>ESTATE OF JOSEPH M. KENNEDY; JESSICA R. KENNEDY, a Washington citizen; KELAH L. TAMARAK, a Washington citizen; DEBORAH THOMAS, a Washington citizen; JOSEPH L. KENNEDY, an Oregon citizen; and THE UNKNOWN HEIRS, DEVISEES, SUCCESSORS IN INTEREST AND CLAIMANTS OF THE ESTATE OF JOSEPH M. KENNEDY,<br><br>Defendants. | Case No. C07-5054RBL<br><br>ORDER GRANTING PRIMERICA'S MOTION FOR SUMMARY JUDGMENT |

THIS MATTER having come for a hearing before the Court on Plaintiff Primerica Life Insurance Company's ("Primerica") Motion for Summary Judgment [Dkt. #31] pursuant to Fed. R. Civ. P. 56, and based upon a review of the record, it is hereby Ordered:

1. Primerica's Motion for Summary Judgment is **GRANTED**.

2. Primerica and its agents are hereby discharged from any obligations arising from the life insurance policy that was issued by Primerica on August 6, 1988 to Joseph M. Kennedy, and which provided for a $32,000 death benefit.

ORDER
Page - 1

3.      The defendants, including the Estate of Joseph M. Kennedy, Jessica R. Kennedy, Kelah L. Tamarak, Deborah Thomas, Joseph L. Kennedy, and the unknown heirs, devisees, successors in interest and claimants of the Estate of Joseph M. Kennedy, are hereby enjoined from pursuing any claims regarding the policy proceeds of the insurance policy against Primerica or its agents.

4.      The Court has discretion to award attorneys' fees and costs in this interpleader action. *See generally, Gelfgren v. Republic National Life Ins. Co.*, 680 F.2d 79, 81 (9th Cir. 1982). Implicit in that discretion is the ability to reduce fees and costs when they appear to be excessive. Recognizing that defendants created an issue by failing to probate the estate, this was still a relatively straightforward interpleader action. Plaintiff's counsel nonetheless used three attorneys and incurred $6,406.50 in fees and $3,160.50 in costs. The Court finds that the fee requested and the costs sought are not reasonable. The Court finds that a reasonable fee for the work done in this matter is $1,500.00 and reasonable costs are $1,181.50.

5.      The Clerk shall disburse the funds in the registry to Joseph L. Kennedy and Deborah Thomas, less the attorneys' fees and costs set forth above, and any fees of the Clerk.

Dated this 9th day of October, 2007.

_____
RONALD B. LEIGHTON
UNITED STATES DISTRICT JUDGE